UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MARTIN RAFAEL DIAZ-AMEZCUA,<br><br>Petitioner,<br><br>v.<br><br>JEH JOHNSON, et al.,<br><br>Respondents. | CASE NO. C14-1313 MJP<br><br>ORDER DENYING PETITIONER'S MOTION TO REOPEN CASE AND MOTION TO SUSPEND BRIEFING |

THIS MATTER comes before the Court on Petitioner's Motion to Reopen Case (Dkt. No. 13) and Motion to Suspend Briefing Pending Administrative Decisions (Dkt. No. 19). Having reviewed the motions and all related papers, the Court DENIES the motions. The emergency stay of removal currently in place is LIFTED.

**Background**

Petitioner Martin Diaz-Amezcua filed a petition for writ of habeas corpus challenging his removal on August 24, 2014, arguing that he was being unlawfully detained and scheduled for removal without his withholding-only refugee claim being heard. (Dkt. No. 1.) On August 25, 2014, the Court granted an emergency stay of removal in order to allow the Parties to submit

ORDER DENYING PETITIONER'S MOTION TO
REOPEN CASE AND MOTION TO SUSPEND
BRIEFING- 1

briefing on Petitioner's motion for a stay of removal pending resolution of his habeas petition. (Dkt. No. 3.) Petitioner then voluntarily dismissed his case on October 16, 2014. (Dkt. Nos. 11, 12.)

On December 19, 2014, Petitioner filed an emergency motion to stay his removal and reopen his habeas petition because he had again been scheduled for removal, but had not been provided with a reasonable fear interview or an opportunity to apply for asylum. (Dkt. No. 13.) Petitioner contends that his voluntary dismissal of the habeas petition was based on an oral agreement with Respondents that he would not be removed without a reasonable fear interview and the opportunity to apply for asylum. (Id.) The Court again granted an emergency stay of removal pending full briefing on Petitioner's motion to reopen and for a stay. (Dkt. No. 14.)

On December 29, 2014 and January 4, 2015, Petitioner notified the Court that he had submitted new appeals to the Board of Immigration Appeals and to US Citizenship and Immigration Services, (Dkt. Nos. 16, 18), and on January 5, 2015, requested that this Court formally or informally stay resolution of his motion to reopen his habeas petition pending the administrative immigration agencies' decisions on his appeals. (Dkt. No. 19.)

Respondents oppose both the motion to reopen and the motion to extend time pending an administrative decision, contending that district courts lack jurisdiction to hear direct or indirect challenges to removal orders, and also lack jurisdiction to grant stays of removal, temporary or permanent. (Dkt. No. 20.)

**Discussion**

I. Jurisdiction

The REAL ID Act of 2005 amended the INA to "expressly eliminate[] habeas review over all final orders of removal . . . ." A. Singh v. Gonzales, 499 F.3d 969, 977 (9th Cir. 2007).

It further provided that "a petition for review filed with an appropriate court of appeals . . . shall be the sole and exclusive means for judicial review of an order of removal." 8 U.S.C. § 1252(a)(5); see also INA § 242(b)(9), 8 U.S.C. § 1252(b)(9) ("Judicial review of all questions of law and fact, including interpretation and application of constitutional and statutory provisions, arising from any action taken or proceeding brought to remove an alien from the United States . . . shall be available only in judicial review of a final order under this section"). Except for the courts of appeals, "no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter." INA § 242(g), 8 U.S.C. § 1252(g).

"Congress has clarified, however, that the REAL ID act was not intended to 'preclude habeas review over challenges to detention that are independent of challenges to removal orders.'" V. Singh v. Holder, 638 F.3d 1196, 1211 (9th Cir. 2011) (quoting H.R. Cong. Rep. No. 109–72, 2873 (May 3, 2005)). Accordingly, as a general rule, "'post-[REAL ID Act,] aliens may continue to bring collateral legal challenges to the Attorney General's detention authority . . . through a petition for writ of habeas corpus.'" V. Singh, 638 F.3d at 1211 (quoting Casas-Castrillon v. Dep't of Homeland Sec., 535 F.3d 942, 946 (9th Cir. 2008)). Thus, district courts retain jurisdiction over habeas petitions that do not directly implicate an order of removal. See id.; see also Flores-Torres v. Mukasey, 548 F.3d 708, 711 (9th Cir. 2008) (holding that habeas jurisdiction existed to review a challenge to immigration detention based on the detainee's argument that he was a United States citizen); Casas-Castrillon, 535 F.3d at 946 (finding jurisdiction to consider prolonged immigration detention without bond). "[D]etermining when

1 | the REAL ID Act pre-empts habeas jurisdiction requires a case-by-case inquiry turning on a
2 | practical analysis . . . ." Id.

3 |     Respondents argue Petitioner's case should not be reopened because (1) he was never
4 | promised a reasonable fear interview, and could not have been promised one, because
5 | Immigration and Customs Enforcement ("ICE") is without authority to grant Petitioner such an
6 | interview because he is not subject to a reinstated removal order; (2) even if Petitioner had a
7 | valid asylum claim, that claim cannot be brought before this Court on a habeas petition because
8 | district courts lack jurisdiction to hear removability challenges; (3) the only issue properly before
9 | this Court on a habeas petition is whether Petitioner has been detained for an impermissibly long
10 | amount of time without being scheduled for removal, and his ten-day detention was
11 | presumptively reasonable under Zadvydas v. Davis, 533 U.S. 671 (2001); and (4) the Court
12 | cannot stay Petitioner's removal or the resolution of this case because district courts lack
13 | jurisdiction to stay removal order execution decisions by the Attorney General.  (Dkt. No. 20.)

14 |     Petitioner argues that (1) while reasonable fear interviews are not explicitly required for
15 | someone in Petitioner's situation, they are also not prohibited; (2) regardless of his authority to
16 | do so, an ICE official made an oral agreement with Petitioner that he would receive a reasonable
17 | fear interview before being removed, and Petitioner reasonably relied on that oral agreement in
18 | voluntarily dismissing his habeas petition;  (3) the district court is the proper forum to hear a
19 | claim for a stay of removal when new evidence must be taken; and (4) the REAL ID Act
20 | intended to provide meaningful judicial review when it gave the courts of appeals sole
21 | jurisdiction to hear removability challenges, and Petitioner here will be denied meaningful
22 | judicial review if this Court does not hear his claims because the Ninth Circuit is an appellate
23 | tribunal generally exempted from accepting new evidence.  (Dkt. No. 21.)
24

1       Petitioner's claim is a challenge to his removability and thus directly implicates an order of removal. "[A] petition for review filed with an appropriate court of appeals . . . shall be the sole and exclusive means for judicial review of an order of removal." 8 U.S.C. § 1252(a)(5). Petitioner's original habeas petition and his motion to reopen both argue that he is being unlawfully detained and scheduled for removal without his refugee claim being heard. Petitioner was only detained for 10 days before his removal was scheduled, and therefore he is not entitled to habeas relief arising from the length of his detention. District courts are not empowered to provide other habeas relief in this context.

      Moreover, this Court does not have "jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter." INA § 242(g), 8 U.S.C. § 1252(g). Petitioner's request to stay his removal arises from the decision or action by the Attorney General to execute his removal order, and this Court therefore is without jurisdiction to hear such a claim, even if the claim is for a short stay while he seeks additional administrative remedies. See Sharif v. Ashcroft, 280 F.3d 786, 787 (7th Cir. 2002) ("A request for a stay of removal 'arises from' the Attorney General's decision to execute a removal order."); see also Ma v. Holder, 860 F. Supp. 2d 1048, 1059-60 (N.D. Cal. 2012) (holding § 1252(g) bars habeas jurisdiction to stay deportation during the BIA's adjudication of petitioner's motion to reopen); Nken v. Chertoff, 559 F. Supp. 2d 32, 36 (D.D.C. 2008) (holding that the REAL ID Act strips the district court of jurisdiction to consider a request for stay of removal); Sadhvani v. Chertoff, 460 F. Supp. 2d 114, 122 (D.D.C. 2006) (holding petitioner's challenge to respondents' decision to execute a removal order while his motion to reopen was pending clearly arises from the decision or action by the Attorney General to execute a removal order and is thus subject to the unambiguous jurisdiction-stripping language of INA § 242(g)).

ORDER DENYING PETITIONER'S MOTION TO
REOPEN CASE AND MOTION TO SUSPEND
BRIEFING- 5

**Conclusion**

This Court does not have jurisdiction to entertain direct or indirect challenges to removal, and does not have jurisdiction to issue stays of removal, permanent or temporary. Petitioner's Motion to Reopen Case and Motion to Suspend Briefing are DENIED. The emergency stay of removal currently in place is LIFTED.

The clerk is ordered to provide copies of this order to all counsel.

Dated this 30th day of January, 2015.

Marsha J. Pechman
Chief United States District Judge